**STARWOOD AIRPORT REALTY,**
Appellant

v.

**SCHOOL DISTRICT OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued Dec. 10, 2014.

Decided May 7, 2015.

---

Gregory A. Biernacki, Pittsburgh, for appellant.

Elise M. Bruhl, Deputy City Solicitor, Philadelphia, for appellee.

BEFORE: RENÉE COHN JUBELIRER, Judge, P. KEVIN BROBSON, Judge and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge RENÉE COHN JUBELIRER.[1]

Starwood Airport Realty (Starwood) appeals from the January 10, 2014, Order of the Court of Common Pleas of Philadelphia County (trial court), which denied Starwood's Motion to Strike the School District of Philadelphia's (School District) praecipe to discontinue the School District's tax assessment appeal (Motion to Strike). On appeal, Starwood argues that (1) based on our precedent, School District's discontinuance of its appeal is not allowed under Section 518.1(b) of The General County Assessment Law (Law)[2] because such a discontinuance would prevent Starwood from challenging subsequent years' tax assessments; and (2) School District's discontinuance without leave of court was inappropriate because Rule 229 of the Pennsylvania Rules of Civil Procedure,[3] does not apply to statutory appeals. Based on our precedent we conclude that the trial court erred and, therefore, we reverse.

The Philadelphia Office of Property Assessment (OPA) sent Starwood a property tax assessment for Starwood's property located at 4101 Island Avenue in Philadelphia (Property) for the 2012 tax year. (Trial Ct. Op. at 1.) Starwood appealed the OPA's assessment to the Board of Revision of Taxes (Board). (Trial Ct. Op. at 1.) Following a hearing, on June 6, 2012, the Board reduced the Property's assessed value to $1,477,980. (Trial Ct. Op. at 2; Board Hearing Result, R.R. at 16a.) On July 2, 2012, the School District appealed the Board's reduced assessment to the trial court. (Trial Ct. Op. at 2.) While the

---

**1.** This matter was reassigned to the authoring judge on February 18, 2015.

**2.** Act of May 22, 1933, P.L. 853, added by Section 2 of the Act of December 28, 1955, P.L. 917, *as amended*, 72 P.S. § 5020–518.1.

**3.** Pa. R.C.P. No. 229. Rule 229 provides that: "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." *Id.* "A discontinuance in strict law must be by leave of court, but it is the universal practice in Pennsylvania to assume such leave in the first instance." *Fancsali ex rel. Fancsali v. University Health Center of Pittsburgh*, 563 Pa. 439, 761 A.2d 1159, 1161 (2000) (quotation omitted).

School District's appeal was still pending, the Property was assessed for the 2013 and 2014 tax years. (Trial Ct. Op. at 2.) In addition, during the period of the appeal the Pennsylvania General Assembly enacted specific provisions governing assessments in cities and counties of the First Class, which mandated that Philadelphia 2013 property tax values revert to their 2011 assessed values. (Trial Ct. Op. at 2 (citing 53 Pa.C.S. § 8565(b)(1).)) Thus, Starwood's tax liability for the 2013 tax year increased back to the pre-appeal level. (Trial Ct. Op. at 2.)

On October 30, 2013, the School District filed a praecipe to discontinue its appeal without prejudice. (Trial Ct. Op. at 2.) Thereafter, Starwood filed its Motion to Strike, alleging that it would be unfairly prejudiced by the School District's discontinuance of the appeal because it would affect Starwood's ability to challenge the 2013 and 2014 tax assessments, which it claimed had been automatically incorporated into its 2012 assessment appeal pursuant to Section 518.1(b) of the Law, 72 P.S. § 5020–518.1. (Trial Ct. Op. at 2.) Although Starwood had not sought review of its 2013 tax assessment before the OPA, it did seek review of its 2014 tax assessment. (Trial Ct. Op. at 2.) In addition to requesting that the trial court strike the School District's praecipe to discontinue, Starwood alternatively sought leave from the trial court to appeal *nunc pro tunc* for the 2012–2014 tax years. (Trial Ct. Op. at 3.)

On January 10, 2014 the trial court denied, without prejudice, Starwood's Motion to Strike, but granted Starwood leave to file *nunc pro tunc* appeals of its 2012 and 2013 tax assessments. The trial court did not grant Starwood leave to file a *nunc pro tunc* appeal of the 2014 tax assessment, because a review of that assessment "was already pending before the OPA." (Trial Ct. Op. at 3.) The School District filed a motion for reconsideration with the trial court on February 6, 2014, requesting that the trial court strike from its January 10, 2014 Order any language permitting Starwood to appeal *nunc pro tunc*, but preserving the language in the Order denying Starwood's Motion to Strike. (Trial Ct. Op. at 4.) Thereafter, on February 10, 2014, Starwood filed its own motion for reconsideration with the trial court and an appeal with this Court. (Trial Ct. Op. at 4.) On February 11, 2014, the trial court granted the School District's motion for reconsideration, amending its January 10, 2014 Order to state that the Motion to Strike was denied in its entirety. (Trial Ct. Op. at 4.) Subsequently, on February 25, 2014, the trial court denied Starwood's motion for reconsideration for lack of jurisdiction pursuant to Section 5505 of the Judicial Code.[4]

In its 1925(a) opinion, the trial court concluded that it properly denied Starwood's Motion to Strike because the School District did not need to obtain leave of the trial court before filing its praecipe to discontinue. (Trial Ct. Op. at 9.) The trial court also concluded that, just as Starwood had sought review of its 2014 tax assessment before the OPA, it could have appealed its 2013 tax assessment, but had failed to do so and, thus, had waived its right to appeal. (Trial Ct. Op. at 7, 9.) Finally, the trial court determined that it properly granted the School District's motion for reconsideration.[5] (Trial Ct. Op. at 9.)

---

4. 42 Pa.C.S. § 5505. Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." *Id.*

5. Following the issuance of the trial court's opinion, the School District filed a motion

On appeal,[6] Starwood argues that its initial 2012 tax assessment appeal to the Board resulted in an automatic appeal of its 2013 and 2014 assessments under Section 518.1(b) of the Law. Based upon this Court's precedent in *In re Appeal of Gateway School District*, 124 Pa.Cmwlth. 463, 556 A.2d 924 (1989), Starwood contends that Pennsylvania Rule of Civil Procedure 229, Pa. R.C.P. No. 229, is inapplicable to tax assessment appeals because the Rule is contrary to the automatic appeal provisions of Section 518.1(b). Because the discontinuance of the appeal thwarts Starwood's ability to contest assessments for the 2013 and 2014 tax years, the trial court erred in granting the discontinuance. Starwood also argues that discontinuance without leave of the trial court was inappropriate because the Pennsylvania Rules of Civil Procedure generally do not apply to statutory appeals, such as tax assessment appeals. Since the trial court has not specifically adopted the Pennsylvania Rules of Civil Procedure for assessment appeals, it erred in relying on case law interpreting Rule 229, which permits discontinuances without leave of the court.

In response the School District argues that, in order for Starwood to challenge its 2012–2014 tax assessments, Starwood was required to file cross-appeals. By failing to file cross-appeals, Starwood has lost its ability to appeal the subsequent years' tax assessments. The School District contends that this case is distinguishable from *Gateway* because our decision in that case was based on an interpretation of an Allegheny County local rule governing discontinuances of appeals; in contrast, here the trial court did not have to apply a local rule. The School District also argues that, due to the absence of local rules governing discontinuances of tax assessment appeals, the trial court was free to apply the Rules of Civil Procedure to the School District's praecipe to discontinue.

Under Section 518.1(a) of the Law, "[a]ny owner of real estate or taxable property in this Commonwealth, who may feel aggrieved by the last or any future assessment or valuation of his real estate or taxable property, may appeal from the decision of the ... [Board]." 72 P.S. § 5020–518.1(a). Further, under Section 518.1(b) of the Law:

If a taxpayer has filed an appeal from an assessment, *so long as the appeal is pending* before the board or *before a court on appeal from the determination of the board,* as provided by statute, *the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board* and prior to the determination of the appeal by the board or the

---

with this Court to dismiss or quash Starwood's appeal, arguing that the trial court's Order was not a final, appealable order. By order dated May 23, 2014, this Court denied the motion and also explained that the trial court lacked jurisdiction to grant the School District's motion for reconsideration, stating:

As of the trial court's order of February 11, 2014, reconsideration of the January 10 order had not been expressly granted within 30 days and jurisdiction of the case had been vested in this Court as a consequence of appellant's notice of appeal filed February 10, 2014. *See* Pa. R.A.P. 1701.

*Starwood Airport Realty v. School District of Philadelphia*, 115 A.3d 410, 2015 WL 2125669 (Pa.Cmwlth.2014).

**6.** "Our review in tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of law, or reached a conclusion not supported by substantial evidence." *Herzog v. McKean County Board of Assessment Appeals*, 14 A.3d 193, 199 n. 15 (Pa.Cmwlth.2011) (citation omitted). In reviewing a trial court's decision to deny a petition to strike a discontinuance, the standard of review is abuse of discretion. *Fancsali*, 761 A.2d at 1162.

court. This provision shall be applicable to all pending appeals as well as future appeals.

72 P.S. § 5020–518.1(b) (emphasis added).

In *Gateway,* this Court interpreted Section 518.1 of the Law. In that case the taxpayer, Cobra Development Corporation (taxpayer), appealed the 1985 tax assessment of its property to the Allegheny County Board of Property Assessment, Appeals and Review, and the board reduced taxpayer's assessment from $373,850 to $125,000. *Gateway,* 556 A.2d at 925. Although taxpayer did not appeal the reduction, Gateway School District (school district) appealed the reduction to the court of common pleas. *Id.* During the pendency of school district's appeal to the court of common pleas, taxpayer's tax assessments for 1986 and 1987 were increased to $373,850; however, taxpayer did not appeal those subsequent assessments. *Id.* Thereafter, school district filed a praecipe to settle and discontinue the appeal. *Id.* Despite the fact that taxpayer had not appealed the subsequent assessments, the court of common pleas deemed the appeals for 1986 and 1987 to be automatically before it. *Id.* Therefore, the court of common pleas allowed the discontinuance for school district, but "refus[ed] it otherwise, thus permitting [taxpayer] to proceed against the other ... taxing bodies as to the 1985, 1986 and 1987 assessments." *Id.* The trial court's decision was, in part, based on Allegheny County local rule 502, "which require[s] the consent of all parties" when seeking discontinuance. *Id.* School district appealed, arguing that the trial court erred in allowing taxpayer to continue its appeal even though it had never filed a cross-appeal, and that the trial court should have applied Pennsylvania Rule of Civil Procedure 229, rather than local rule 502. *Id.* On appeal to this Court, we framed the issues as follows:

(1) when a *taxpayer* has appealed one year's tax assessment to the board and only the *taxing body* appeals to the court of common pleas, are the appeals of later years' assessments automatically deemed, by statute, to have been taken, and (2) whether a local rule, that requires the consent of all interested parties before a court may allow a party to discontinue an appeal, is applicable and effective.

*Id.*

This Court determined that school district wished to discontinue its appeal in order to prevent taxpayer from contesting the 1986 and 1987 tax assessments. *Id.* We concluded that the automatic appeal provisions of Section 518.1 do not just apply to situations where the taxpayer "has actually appealed to the court of common pleas." *Id.* at 926. Instead, we explained the applicability as follows:

We believe *the [Law's] provisions are applicable in this case to [taxpayer], even though [taxpayer] did not appeal the board's decision.* According to the statutory language [of Section 518.1], *the taxpayer's initial appeal need only be either (1) pending before the board, or (2) before a court on appeal from a board determination, in order to be deemed an appeal of all subsequent assessments.* The [Law's provisions] do not specifically say that the taxpayer must have filed the appeal from the board's determination. The [Law's provisions] only require that the appeal be from a board determination of an appeal initially filed by the taxpayer.

*Id.* (emphasis added). Accordingly, we determined that the taxpayer's "initial appeal to the board resulted in the automatic appeal of the subsequent assessments for 1986 and 1987." *Id.*

Regarding Pennsylvania Rule of Civil Procedure 229, we concluded that:

allowing discontinuance without consent, by following [Pa. R.C.P.] 229 in a tax assessment case, would be improper because granting discontinuance under [Pa. R.C.P.] 229 could thereby thwart the automatic appeal provision of the [Law], when, ... taxpayer has not been aggrieved by the board's determination as to the earliest year, and therefore has not filed the initial appeal to court.

*Id.* at 927. We also addressed local rule 502, concluding that it was applicable, that it required all the parties to consent to the discontinuance, and that it did not require taxpayer to cross appeal in order to automatically appeal the later assessments. *Id.* Thus, we affirmed the court of common pleas' grant of the petition to strike in so much as it refused discontinuance for the 1986 and 1987 tax assessments with respect to taxpayer. *Id.*

Because the instant case is indistinguishable from *Gateway,* we conclude that this case should be decided on similar grounds. In both *Gateway* and the present case, it was the taxpayer that initially appealed to the assessment appeal board. Moreover, in both cases it was the school district that appealed the assessment appeal board's decision following a decision by the board that was favorable to the taxpayer. In addition, in both cases it was the school district that sought to discontinue its appeal following subsequent tax assessments, and it was the taxpayer that sought to strike the discontinuance. Therefore, based on *Gateway,* Starwood's initial appeal to the Board resulted in an automatic appeal to the trial court, under Section 518.1 of the Law, for Starwood's 2013 and 2014 tax assessments.

The School District attempts to distinguish this case by arguing that our holding in *Gateway* was limited to situations involving Allegheny County local rule 502. While the School District is correct that our decision in *Gateway* was in part based on a local rule, as noted above, this Court's holding in *Gateway* was also based on our interpretation of the automatic appeal provisions of Section 518.1 of the Law. Because allowance of the School District's discontinuance, without Starwood's consent, would thwart the automatic appeal provision .of Section 518.1 of the Law for Starwood's 2013 and 2014 tax assessments, we hold that the trial court erred in denying Starwood's Motion to Strike.[7]

Accordingly, the trial court's denial of Starwood's Motion to Strike is reversed.

### *ORDER*

**NOW,** May 7, 2015, the Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is hereby **REVERSED.**

DISSENTING OPINION BY Senior Judge ROCHELLE S. FRIEDMAN.

Based on this court's decision in *Appeal of ·Gateway School District,* 124 Pa. Cmwlth. 463, 556 A.2d 924 (1989), the majority concludes that allowing the School District to unilaterally discontinue its appeal of the Board's decision would thwart the automatic appeal provision in section 518.1(b) of The General County Assessment Law (Law), 72 P.S. § 5020–518.1(b).[1] However, I believe that the *Gateway* court incorrectly applied section 518.1(b) of the

---

**7.** Because we conclude that Section 518.1 of the Law precludes the School District's discontinuance, it is unnecessary to address under what circumstances Rule 229 of the Pennsylvania Rules of Civil Procedure applies to statutory appeals.

**1.** Act of May 22, 1933, P.L. 853, *as amended.* Section 518.1 was added by the Act of December 28, 1955, P.L. 917.

Law and failed to consider section 520 of the Law, 72 P.S. § 5020–520. Therefore, because the majority followed *Gateway's* flawed reasoning, I respectfully dissent.

In *Gateway,* this court reasoned that section 518.1(b) of the Law "do[es] not specifically say that the taxpayer must have filed the appeal from the board's determination[,]" but rather it "only require[s] that the appeal be from a board determination of an appeal initially filed by the taxpayer." 556 A.2d at 926. The court therefore concluded that taxpayer, who initially appealed to the board but took no further action after the board's decision, nevertheless automatically appealed subsequent assessments made during the pendency of the appeal filed by school district, the taxing body. *Id.* The court further concluded that school district could not unilaterally discontinue its appeal because doing so would also end taxpayer's automatic appeals of the subsequent assessments and, thus, thwart the purpose of section 518.1(b) of the Law. *Id.* at 927.

I believe that this court's analysis of section 518.1(b) of the Law in *Gateway* is unsupported by the plain meaning of that provision. A statutory provision's words and phrases "shall be construed according to rules of grammar and according to their common and approved usage." Section 1903(a) of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1903(a). The first sentence of section 518.1(b) of the Law states, in relevant part, "If a taxpayer has filed an appeal from an assessment, so long as *the appeal* is pending before the board or before a court on appeal from the determination of the board...." 72 P.S. § 5020–518.1(b) (emphasis added). The phrase "the appeal" refers specifically to "appeal" as used in the immediately preceding clause, i.e., the appeal filed by the taxpayer. The phrase "the appeal" appears twice more in section 518.1(b) of the Law:

> [T]he appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of *the appeal* by the board or the court.

72 P.S. § 5020–518.1(b) (emphasis added). No different or additional meaning is attributed to "the appeal" between its first and last usages in this provision. Thus, "the appeal," as used throughout section 518.1(b) of the Law, refers to *an appeal filed by the taxpayer,* including where the appeal is before a court on appeal from the Board's determination. As long as the taxpayer's appeal is pending, all subsequent assessments are included in the taxpayer's appeal. Because the School District's appeal, not Starwood's, was pending, I do not believe that Starwood automatically appealed the 2013 and 2014 assessments pursuant to section 518.1(b) of the Law.

Section 520 of the Law, which the *Gateway* court did not address, further establishes that Starwood did not automatically appeal the 2013 and 2014 assessments pursuant to section 518.1(b) of the Law. Section 520 of the Law confers on a taxing body the same appeal rights given a taxpayer under section 518.1(b) of the Law. Section 520 of the Law provides:

> The corporate authorities of any county, city, borough, town, township, school district or poor district, which may feel aggrieved by any assessment of any property or other subject of taxation for its corporate purposes, *shall have the right to appeal therefrom in the same manner, subject to the same procedure, and with like effect, as if such appeal*

*were taken by a taxable with respect to his property.*

72 P.S. § 5020–520 (emphasis added).

Section 1921(a) of the SCA, 1 Pa.C.S. § 1921(a), provides that "[e]very statute shall be construed, if possible, to give effect to all its provisions." Furthermore, "sections of a statute must be construed with reference to the entire statute and not apart from their context." *Snyder v. Department of Transportation*, 64 Pa. Cmwlth. 599, 441 A.2d 494, 496 (1982).

Here, as in *Gateway*, the taxing body's appeal was pending, not the taxpayer's. Because Starwood's property was assessed for 2013 and 2014 while the School District's appeal was pending, section 520 of the Law treats those assessments as automatically appealed by the School District. By applying section 518.1(b) of the Law according to *Gateway*, the majority negates the purpose of section 520 of the Law in that it permits Starwood to claim the School District's automatic appeals as its own. Because I do not believe that Starwood automatically appealed the 2013 and 2014 assessments pursuant to section 518.1(b) of the Law, I would conclude that the School District's unilateral discontinuance of its appeal would not thwart that provision.[2]

I would also hold that the trial court did not err in permitting the School District to unilaterally discontinue its appeal without seeking leave of court.

Pa. R.C.P. No. 229 reflects the "longstanding practice in Pennsylvania" that an appellant may choose to discontinue its appeal on its own initiative. *Fancsali v.*

*University Health Center of Pittsburgh*, 563 Pa. 439, 761 A.2d 1159, 1161 (2000); *see Farrington v. Department of Transportation*, 35 Pa.Cmwlth. 373, 387 A.2d 136, 138 (1978) (holding that unilateral discontinuances are permitted where not specifically prohibited by the governing statute), *aff'd*, 489 Pa. 400, 414 A.2d 128 (1980). Pa. R.C.P. No. 229(a) provides that: "A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." In *Appeal of the Borough of Churchill*, 525 Pa. 80, 575 A.2d 550, 553 (1990), the Pennsylvania Supreme Court held that the Pa. R.C.P. do not apply to statutory appeals in general, or to assessment appeals specifically. Instead, the Supreme Court stated:

> [O]ur trial courts have had the right to enact rules and publish these to cover practice in this area of the law. Where they have not created and published such local rules, then each trial court has been vested with the full authority of the court to make rules of practice for the proper disposition of cases before them and that we have enforced those rules unless they violated the Constitution or laws of the Commonwealth or United States, or our state-wide rules.

*Id.* at 554. Where no local rule exists, the trial court may, but is not required to, apply the Pa. R.C.P. by analogy. *See, e.g., Codispot v. Butler County Tax Claim Bureau*, 938 A.2d 499, 503–04 (Pa.Cmwlth. 2007) (holding that while Pa. R.C.P. No. 227.1 does not apply to tax assessment appeals, the trial court has discretion to

---

2. I also note that, although the *Gateway* court was concerned that school district discontinued its appeal for the purpose of preventing taxpayer from challenging the subsequent years' assessments, the same concern is not present here. *Gateway*, 556 A.2d at 926. Here, the School District sought to discontinue its appeal after 53 Pa.C.S. § 8565(b)(1) reverted Philadelphia property tax values for year 2013 to year 2011 levels. This indicates that the School District discontinued its appeal because it was no longer aggrieved, not because it sought to disadvantage Starwood.

apply its requirements where no local rule exists).

Here, no local rule governs how an appellant may discontinue its appeal. Therefore, the trial court had discretion in deciding how to dispose of this procedural matter and did not err in granting the School District's praecipe to discontinue.

Accordingly, I would overrule *Gateway* and affirm the order of the trial court.