IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Disco,               :
                     Appellant  : No.  893 C.D. 2022
                                : Submitted:  May 12, 2023
          v.                    :
                                :
Dana L. Roth                    :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  November 30, 2023


        Richard A. Disco (Disco) appeals, *pro se*, from the February 23, 2022 order
of the Court of Common Pleas of Lehigh County (Common Pleas) that denied his
Request for the Opportunity to Appeal *Nunc Pro Tunc*.  After review, we reverse
and remand.

## I. Factual and Procedural Background

        On December 19, 2018, Disco filed a Civil Action Complaint (Complaint)
against his former parole officer, Dana L. Roth (Roth).  Disco alleged Roth made
false statements in his supervision history report.  Disco asserted Roth intended the

false statements to influence the Pennsylvania Parole Board to "keep him in prison as long as possible." Original Record (O.R.) at 10.[1]

On January 22, 2021, Roth filed preliminary objections (POs) to the Complaint. On March 23, 2021, Disco filed Traverse Objections to Roth's Preliminary Objections to Disco's Complaint (Traverse Objections). Common Pleas held a hearing on the POs and Disco's Traverse Objections. Common Pleas held Disco's Traverse Objections were more properly considered a response to Roth's POs and addressed them as such. On August 12, 2021, Common Pleas entered an opinion and order sustaining Roth's POs and dismissing Disco's Complaint with prejudice.

On October 5, 2021, Disco filed a Motion for Subpoena to Produce Documents for Discovery Disclosure Pursuant to Rule 4009.22[2] (Motion for Subpoena). On October 11, 2021, Common Pleas held that upon considering the motion and "it appearing this case is closed," it denied and dismissed Disco's Motion for Subpoena. O.R. at 417. In a footnote, Common Pleas observed that after it dismissed the Complaint on August 12, 2021, Disco took no action until he filed the Motion for Subpoena. *Id*. at n.1.

Disco submitted a Notice of Appeal *Nunc Pro Tunc* and Common Pleas filed it on December 17, 2021. In the Notice of Appeal *Nunc Pro Tunc*, Disco asserted he did not receive a copy of Common Pleas' August 12, 2021 order dismissing his Complaint. Not receiving the order, Disco was unable to timely appeal. He claimed he learned Common Pleas dismissed his Complaint when he received the October

---

[1] Because the pages in the Original Record are not numbered, the page numbers herein reflect electronic pagination.

[2] Pennsylvania Rule of Civil Procedure 4009.22, Pa.R.Civ.P. 4009.22.

11, 2021 order denying and dismissing his Motion for Subpoena. By order of December 21, 2021, Common Pleas noted it would take no action on Disco's Notice of Appeal *Nunc Pro Tunc*, citing his failure to request the opportunity to appeal *nunc pro tunc*. Disco then submitted a Request for the Opportunity to Appeal *Nunc Pro Tunc*, which Common Pleas filed January 19, 2022. On February 23, 2022, after hearing argument, Common Pleas entered an order denying Disco's request.

On March 21, 2022, Disco filed a Motion for Reconsideration of Common Pleas' February 23, 2022 order that denied him the opportunity to appeal *nunc pro tunc*. He argued there was no evidence he received a copy of the order dismissing his Complaint. On March 24, 2022 Common Pleas denied Disco's Motion for Reconsideration.

On March 28, 2022, Disco filed a Notice of Appeal in Common Pleas. Common Pleas sent the Notice of Appeal to the Pennsylvania Superior Court, which docketed it on April 11, 2022. On June 6, 2022, the Superior Court issued a rule to show cause directing Disco to show cause, in the form of a letter, why it should not transfer his appeal to this Court. Disco did not respond, and by order dated July 12, 2022, the Superior Court transferred his appeal to this Court.

**II**. **Discussion**

Disco sought the opportunity to appeal *nunc pro tunc* because the time for appealing the August 12, 2021 order had passed. Appeal periods are jurisdictional and cannot be extended by grace or mere indulgence. *H.D. v. Dep't of Pub. Welfare*, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000). However, in very limited circumstances, a court may extend the appeal period to allow for an appeal *nunc pro tunc*. A court may allow a *nunc pro tunc* appeal where "extraordinary circumstances" involving fraud or a breakdown in the judicial process caused the delay in filing, or where non-

3

negligent circumstances related to the appellant, his or her counsel, or a third party caused the delay. *H.D.*, 751 A.2d at 1219-20 (citing *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130 (Pa. 1996)); *Sofronski v. Civ. Serv. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). This Court's standard of review of a denial of an appeal *nunc pro tunc* is whether Common Pleas abused its discretion or committed an error of law. *Starwood Airport Realty v. Sch. Dist. of Phila.*, 115 A.3d 410, 413 n.6 (Pa. Cmwlth. 2015).

In his Notice of Appeal, Disco appeals from Common Pleas' March 23, 2022 order "denying [him] the opportunity to appeal *nunc pro tunc*." O.R. at 465. It is clear Disco used the wrong date for the order he appealed, as no order in the record bears that date. We assume Disco intended to appeal from the *February* 23, 2022 order denying his Request for the Opportunity to Appeal *Nunc Pro Tunc*. To support this assumption, in his Notice of Appeal, Disco described the order he appealed as one "denying [him] the opportunity to appeal *nunc pro tunc*." *Id*. In addition, Disco filed a Docketing Statement verifying he was appealing the February 23, 2022 order. Civil Docketing Statement, 4/22/22 at 1. In further support of this assumption, Disco argued in his Statement of Errors Complained of on Appeal Common Pleas "abused [its] discretion when it denied [his] request for the opportunity to appeal *Nunc Pro Tunc*." O.R. at 474 ¶1. We note Disco submitted a letter to the Prothonotary of this Court on August 24, 2022, asserting he was not appealing the order denying him the opportunity to appeal *nunc pro tunc* but was appealing the order dismissing his complaint. Because the time to appeal had expired, an appeal *nunc pro tunc* was necessary to address the August 12, 2021 order, and we again assume Disco intended to appeal from the February 23, 2022 order denying his Request for the Opportunity to Appeal *Nunc Pro Tunc*.

4

On May 9, 2022, Common Pleas entered a Statement of Reasons Pursuant to Pa.R.A.P. 1925(a) (Common Pleas opinion). In its opinion, Common Pleas explained that when reviewing Disco's Notice of Appeal, it discovered a docket entry "not previously raised by any party or seen by the court." Trial Ct. Op., 5/9/22, at 3. The docket entry included "an envelope addressed to Disco and returned to the [trial] court because it was refused by the correctional institution for failure to include the court control number." *Id.* It appeared to Common Pleas the mail to Disco "was returned to [Common Pleas] more than 6 months after it was mailed." *Id.* Common Pleas held the docket entry further corroborated Disco's assertion that he did not receive the August 12, 2021 order sustaining Roth's POs and dismissing his Complaint. *Id.*

Ultimately, Common Pleas held Disco's March 21, 2022 Motion for Reconsideration of Common Pleas' denial of his request for the opportunity to appeal *nunc pro tunc* "should have been granted." *Id.* We acknowledge we consider Disco's appeal to be from the February 23, 2022 order denying him the opportunity to appeal *nunc pro tunc*, whereas Common Pleas addressed the March 24, 2022 order denying Disco's Motion for Reconsideration of its February 23, 2022 order. Fundamentally, both these orders deny Disco the opportunity to appeal *nunc pro tunc* from Common Pleas' August 12, 2021 opinion and order dismissing his Complaint.[3] Common Pleas agreed with Disco and requested the matter be reversed and remanded to Common Pleas "to provide Disco the opportunity to appeal [Common Pleas'] August 12, 2021 order and opinion." *Id.*

---

[3] Disco submitted a letter to the Prothonotary of this Court on August 24, 2022. In the letter Disco explained he was not appealing the order denying him the opportunity to appeal *nunc pro tunc* (February 23, 2022) but was appealing the order dismissing his complaint (August 12, 2021). Because the time to appeal had expired, an appeal *nunc pro tunc* is necessary to address the August 12, 2021 order, and our analysis above remains unchanged.

**III. Conclusion**

We also agree with Disco, and Common Pleas, that the order denying Disco the opportunity to appeal *nunc pro tunc* should be reversed and remanded. Common Pleas' failure to include the court control number on an envelope was a breakdown in the judicial process that delayed Disco's receipt of the August 12, 2021 opinion and order. Accordingly, we reverse the February 23, 2022 order denying Disco's request for the opportunity to appeal *nunc pro tunc* from Common Pleas' August 12, 2021 opinion and order, and we remand the case.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard A. Disco,                          :
                            Appellant      :   No.  893 C.D. 2022
                                           :
            v.                             :
                                           :
Dana L. Roth                               :

# **O R D E R**

**AND NOW**, this 30th day of November 2023, the February 23, 2022 order of the Court of Common Pleas of Lehigh County is **REVERSED** and this matter is **REMANDED**.

Jurisdiction relinquished.

_____
STACY WALLACE, Judge