544 A.2d 1088

Westinghouse Electric Corporation (R & D Center), Appellant *v.* Board of Property Assessment, Appeals and Review et al., Appellees.

The Borough of Churchill and Woodland Hills School District *v.* Board of Property Assessment, Appeals and Review et al. Westinghouse Electric Corporation (R & D Center), Appellant.

The Borough of Churchill and Woodland Hills School District *v.* Board of Property Assessment, Appeals and Review et al. The Borough of Churchill et al., Appellants.

The Borough of Churchill and Woodland Hills School District *v.* Board of Property Assessment, Appeals and Review et al. The Borough of Churchill et al., Appellants.

Argued March 21, 1988, before Judges BARRY and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Philip Baskin,* with him, *Dusty L. Elias, Baskin, Flaherty, Elliott & Mannino, P.C.,* for appellant, Westinghouse Electric Corporation.

*Robert W. Goehring, Goehring & West,* for Borough of Churchill, appellee.

*Thomas M. Rutter, Goehring, Rutter & Boehm,* for Woodland Hills School District, appellee.

*Ira Weiss,* Deputy County Solicitor, Allegheny County, for appellee.

OPINION BY JUDGE BARRY, July 25, 1988:

Westinghouse Electric Corporation (Westinghouse) appeals an order of the Court of Common Pleas of Allegheny County which assessed Westinghouse's Research and Development Center for the years 1977-86. The taxing bodies, the County of Allegheny, the Borough of Churchill (Borough) and the Woodland Hills School District (School District) have also appealed.

The Board of Property Assessment, Appeals and Review originally assessed the R & D Center at $9,960,-000 for the years 1977 and 1978, at $9,985,000 for the years 1979 and 1980 and at $10,010,000 for 1981. Westinghouse sought reductions in the assessments and the Board left the assessments for the years 1977-79 intact; the Board reduced the assessments for the years 1980 and 1981 to $7,589,000 and $7,614,000 respectively. Westinghouse, the Borough and the School District all filed appeals to the Court of Common Pleas of Allegheny County. These appeals were consolidated for trial.

For the years 1982-86, the Board assessed the R & D Center at $7,614,000. Pursuant to Section 518.1 of The General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-518.1, the appeals mentioned above acted as automatic appeals for the years 1982-86. Trial was held between June 3, 1986 and September 24, 1986, with almost 1500 pages of testimony being transcribed. The parties stipulated that

for the years 1980 and thereafter, the common level ratio used in Allegheny County was 25%. The trial court, therefore, was required to determine the common level ratio for the years 1977-79 and the fair market value of the R & D Center for all years involved. The trial court, in an opinion from the bench on September 24, 1986, determined the fair market value of the property for the years 1980-86; applying the 25% ratio which had been stipulated to, the court assessed the property at $7,000,000 for 1980, $7,250,000 for 1981, $7,375,000 for 1982, $7,625,000 for 1983, $7,562,500 for 1984, $7,875,000 for 1985 and $8,000,000 for 1986. After making findings concerning the common level ratio in a bench opinion on September 30, 1986, which the court found to be 39%, the court thereafter assessed the R & D Center at $10,140,000 for 1977, $10,725,000 for 1978 and $10,920,000 for 1979.

On October 9, 1986, Westinghouse filed an application for post-trial relief pursuant to Pa. R.C.P. No. 227.1. The trial court issued an order on October 14 which reiterated the factual findings made in the two opinions from the bench. That opinion was docketed with the Allegheny County Prothonotary on October 15. On October 23, the taxing bodies filed an application for post-trial relief. Following oral argument on October 30, the trial court denied both motions by order of October 31. On November 13, Westinghouse filed a notice of appeal to this Court from the October 31 order. On November 26, the taxing bodies filed a notice of appeal to this Court from that October 31 order.

Before reaching the merits of these appeals, a preliminary matter involving jurisdiction requires discussion. Subject matter jurisdiction may be raised by a court sua sponte at any time. *Witt v. Department of Banking,* 493 Pa. 77, 425 A.2d 374 (1981). In *Salem*

*Crossroads Historical Restoration Society, Inc. Appeal*, 106 Pa. Commonwealth Ct. 452, 526 A.2d 1257 (1987), we dismissed a tax assessment appeal as untimely. There, the trial court issued an order on June 20, 1985 which found the fair market value of the property involved and determined the proper assessment of that property. An application for post-trial relief pursuant to Pa. R.C.P. No. 227.1 was filed which the court dismissed six months later. An appeal was then filed to this court within thirty days of the order denying post-trial relief. Holding that the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. §§5020-101-602, made no provision for an application for post-trial relief and since no local rule existed requiring the same, we held that the appeal should have been filed within thirty days of the June 20, 1985 order.[1] *Accord Ciaffoni v. Washington County Board for the Assessment of Appeals*, 112 Pa. Commonwealth Ct. 135, 535 A.2d 247 (1987) (same principle applied to The Fourth to Eighth County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §§5453.101-5453.706). The effect of these decisions is that an application for post-trial relief under Pa. R.C.P. No. 227.1 and any orders issued pursuant to such applications are nullities. As both Westinghouse and the taxing bodies have specifically appealed from an order which is a nullity, a real question exists about the propriety of these appeals. When viewed in this regard, we believe that *Thorn v. Newman*, 113 Pa. Commonwealth Ct. 642, 538 A.2d 105 (1988), is dispositive and requires us to quash these appeals.

---

[1] Allegheny County is governed by both the General County Assessment Law and the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, *as amended*, 72 P.S. §§5452.1-5452.20. The latter Act like the former, does not provide for post-trial relief.

In that case, plaintiff, a police officer who had been discharged by the borough, sued various borough officials. The defendants filed a motion for summary judgment which the trial court granted on November 22, 1985. Plaintiff filed an application for reconsideration of the order granting summary judgment; the trial court granted the application and vacated the order granting summary judgment on December 9, 1985; that order was docketed on December 11. Rather than appealing the December 9 order, (which we held to be an appealable order under Pa. R.A.P. 311(a)(1)), the defendants moved to strike the plaintiff's application for reconsideration and also filed an application for reconsideration of the December 9 order. On January 2, 1986, the trial court denied both of the defendants' motions. On January 7, the defendants appealed from the January 2 order. Some six months later, the defendants filed an amended notice of appeal which stated that defendants were appealing from the December 9 order. As we stated:

> We, like the plainitffs, are aware of no authorization in Pennsylvania law that permits a party to file an 'amended' notice of appeal months after the filing of an initial notice of appeal, *for the purpose of effectuating an appeal from an order different from, and dated earlier than, the order noted originally. Because the defendants never filed a timely notice of appeal from the December 9, 1985, order vacating the grant of summary judgment, their appeal from that order is not properly before us and hence must be quashed.*

*Thorn,* at 648, 538 A.2d at 108 (emphasis added). We went on to hold that an order denying reconsideration is not appealable. Since the appeal there was either an untimely appeal of the order vacating the grant of sum-

mary judgment or a timely appeal from a non-appealable order denying reconsideration, we ordered the appeal quashed.

Although the designation of the orders involved in the present case differ from those in *Thorn,* those differences are of no moment. We believe it is particularly important that the notice of appeal in *Thorn* was filed within thirty days of the order vacating the grant of summary judgment. Had we thought it proper, it might have been reasoned that since the notice of appeal in *Thorn* was filed within thirty days of the order that *should have been appealed,* the error in specifying the wrong order should be forgiven. Suffice it to say that we did not. There, the appeal was taken from a non-appealable order; here, the appeal was taken from an order which was a nullity. Despite the fact that the notices of appeal in each case were filed within thirty days of the proper appealable order, the failure to specify the proper order in the notice of appeal is fatal.

As no appeals have ever been taken from the final order of the trial court which was docketed on October 15, we must quash these appeals.

ORDER

Now, July 25, 1988, these appeals are hereby quashed.