556 A.2d 924

In Re: Appeal of Gateway School District from the Action of The Board of Property Assessment, Appeals and Review of Allegheny County on Property Owned by Cobra Development Corp. The Municipality of Monroeville, Appellant.

In Re: Appeal of Gateway School District from the Action of The Board of Property Assessment, Appeals and Review of Allegheny County on Property Owned by Cobra Development Corp. The Gateway School District, Appellant.

Argued February 7, 1989, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*John F. Cambest, Dattilo, Barry, Fasulo & Cambest,* for Municipality of Monroeville, appellant.

*Thomas M. Rutter, Jr.,* with him, *Patrick J. Clair, Goehring, Rutter & Boehm,* for Gateway School District, appellant.

*Karl Osterhout,* with him, *Robert N. Peirce, Jr., Robert N. Peirce, Jr. & Associates,* for Cobra Development Corporation, appellee.

OPINION BY JUDGE CRAIG, March 29, 1989:

This is an appeal by Gateway School District and the Municipality of Monroeville challenging the propriety of an order of the Court of Common Pleas of Allegheny County that (1) allowed the discontinuance of Gateway's court appeal of Cobra Development Corporation's real estate tax assessment for the tax year 1985, but (2) refused to discontinue Cobra's automatic appeals of the tax assessments for 1986 and 1987.

Cobra had appealed the 1985 tax assessment of its real estate to the Allegheny County Board of Property Assessment, Appeals and Review. The board reduced the assessment from $373,850.00 to $125,000.00. Gateway appealed that reduction to the court of common pleas. Cobra, apparently satisfied with the reduction, did not file an appeal. As required by the local rules of court, Gateway listed in its appeal, as interested parties, Cobra, the Municipality of Monroeville, and the County of Allegheny, all of which entered appearances.

While the appeal was pending in the court of common pleas, the board increased the tax assessment of the same property for the years 1986 and 1987 to $373,850.00. Cobra did not file an express appeal as to these assessments. However, pursuant to statutory provisions discussed below, the trial court subsequently deemed appeals as to those later years, 1986 and 1987, to be automatically before it, thus giving rise to one of the issues to be considered.

In accordance with local rule 502, a special master held a conciliation conference on July 15, 1987. Because the conciliation was unsuccessful, a de novo hearing was eventually scheduled for February 11, 1988. On January 28, 1988, however, Gateway filed a Praecipe to Settle and Discontinue the appeal, and Cobra responded with a Petition to Strike Gateway's Praecipe. The trial court

then issued the order now before us allowing discontinuance by Gateway, but refusing it otherwise, thus permitting Cobra to proceed against the other two taxing bodies as to the 1985, 1986 and 1987 assessments. In so ordering, the trial judge relied upon provisions of local rule 502 which require the consent of all parties when discontinuance is sought at a described stage of the proceeding, thus raising the other issue stated below.

Gateway and Monroeville contend that the court of common pleas' decision is erroneous because that order, by applying local rule 502, allows a party, that has not expressly filed an appeal or cross appeal, to pursue an appeal after the original appellant, who first filed the appeal with the court of common pleas, has withdrawn. Gateway and Monroeville argue that the trial court should have applied Pa. R.C.P. No. 229, the state rule allowing discontinuances in civil proceedings without reference to consent by other parties, rather than local rule 502, and thus end the appeal regarding Cobra's property.

The questions we must consider are: (1) when a *taxpayer* has appealed one year's tax assessment to the board and only the *taxing body* appeals to the court of common pleas, are the appeals of later years' assessments automatically deemed, by statute, to have been taken, and (2) whether a local rule, that requires the consent of all interested parties before a court may allow a party to discontinue an appeal, is applicable and effective.

The Second Class County Assessment Act, Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §§5452.1-5452.20, provides:

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the

appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any triennial or intertriennial assessment subsequent to the filing of such an appeal with the board and prior to the determination of the appeal by the board or the court. The board shall hold its hearings and make its final determination of the subsequent years in question in the same manner as for the year or years for which the original appeal was filed. This provision shall be applicable to all pending appeals as well as future appeals.

72 P.S. §5452.11.

Provisions contained in the General County Assessment Act, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§5020-101—5020-602, that are not included in or in conflict with the Second Class County Assessment Act also apply to tax assessment cases in Allegheny County. Section 518.1 of the General County Assessment Act provides for appeals to the courts of common pleas from board determinations:

> Any owner of real estate or taxable property . . . who may feel aggrieved by the last or any future assessment or valuation of his real estate . . . may appeal . . . to the court ... .

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.

Gateway's request to withdraw its appeal appears to be an attempt to end the entire case and thus prevent

Cobra from challenging the tax assessments for 1986 and 1987. However, in our opinion, the automatic appeal provisions quoted above do not apply only to those situations in which the taxpayer has actually appealed to the court of common pleas. We believe the provisions are applicable in this case to Cobra, even though Cobra did not appeal the board's decision. According to the statutory language, the taxpayer's initial appeal need only be either (1) pending before the board, or (2) before a court on appeal from a board determination, in order to be deemed an appeal of all subsequent assessments. The Acts do not specifically say that the taxpayer must have filed the appeal from the board's determination. The Acts only require that the appeal be from a board determination of an appeal initially filed by the taxpayer. Hence, we must conclude that Cobra's initial appeal to the board resulted in the automatic appeal of the subsequent assessments for 1986 and 1987.

Furthermore, we also conclude that Gateway and Monroeville are incorrect in asserting that the trial court should have discontinued the entire appeal pursuant to Pa. R.C.P. No. 229. In a statutory appeal such as this, the parties and the trial court must proceed in strict accordance with the governing legislation. *Pittsburgh v. Public Utility Commission and Duquesne Light Company*, 3 Pa. Commonwealth Ct. 546, 284 A.2d 808 (1971). In *Westinghouse v. Board of Property Assessment, Appeals and Review et al.*, 118 Pa. Commonwealth Ct. 152, 544 A.2d 1088 (1988), this court concluded that orders the Allegheny County Court of Common Pleas had issued under Pa. R.C.P. No. 227.1, the rule on post-trial relief, were nullities because the assessment acts provide the exclusive method of redress.

We also note the Pennsylvania Supreme Court's decision in *In re Appeal of Municipality of Penn Hills*, 519

Pa. 164, 546 A.2d 50 (1988), *affirming, U.S. Steel Corp. Appeal,* 103 Pa. Commonwealth Ct. 121, 519 A.2d 1090 (1987), in which that court stated that the scope of the Allegheny County local rules of court covered party intervention in a tax assessment appeal to the county court, and that reference by the Supreme Court to the Pennsylvania Rules of Civil Procedure was merely for the purpose of analogy in analyzing the issue. 519 Pa. at 168, n.1, 546 A.2d at 52, n.1.

Moreover, the scope of Pa. R.C.P. No. 229 is limited to "civil actions and proceedings at law and equity",[1] and should only be applied to statutory appeals when authorized by statute or local rule. *See Farrington v. Pennsylvania Department of Transportation,* 35 Pa. Commonwealth Ct. 373, 387 A.2d 136 (1978), in which this court discusses discontinuances in a statutory appeal under the Eminent Domain Code.

Furthermore, allowing discontinuance without consent, by following Rule 229 in a tax assessment case, would be improper because granting a discontinuance under Rule 229 could thereby thwart the automatic appeal provision of the Acts, when, as in this case, the taxpayer has not been aggrieved by the board's determination as to the earliest year, and therefore has not filed the initial appeal to court.

Local rules of court will be applicable and effective as long as they do not in any way expand or limit the substantive rights granted in the statute. *Commonwealth v. Shovlin,* 423 Pa. 26, 223 A.2d 1 (1966).

After examining local rule 502, we cannot conclude that the discontinuance provision, if properly applied to the facts in this case, is invalid or in conflict with the assessment acts. Local rule 502(H) recognizes that the interested parties in a tax assessment case may decide not

---

[1] Pa. R.C.P. No. 250.

to proceed with an appeal, but apparently in deference to the legislative directive to treat subsequent assessments as deemed appealed, requires the consent of all the parties in order to discontinue the appeal when more than thirty days have elapsed since conciliation.

Nor can we agree with Gateway's argument that local rule 502(H) does not apply. Gateway claims that the conciliation conducted in July, 1987, was not the type of proceeding required by the local rule because a special master was appointed to conduct the conciliation rather than a judge. We do not interpret the rule as requiring a judge to conduct the conciliation. Under rule 502 the prothonotary of the arbitration section of the common pleas court is required to schedule arbitration of tax assessments under $100,000.00. Similarly, in the case of conciliation, the local rule merely requires the Administrative Judge of the court to schedule cases for conciliation. The rule does not require a judge to preside over the proceeding.

Conciliation is held for all assessments that are not subject to arbitration and for appeals from arbitration. The parties have not raised the issue of whether the common pleas court may require conciliation so we will not address the question. We note, however, that this court has held that local rule 502(E) on arbitration is valid and not in conflict with the express requirement of the General County Assessment Act that the court of common pleas conduct a de novo hearing. *Savko v. Board of Property Assessment, Appeals and Review*, 109 Pa. Commonwealth Ct. 540, 531 A.2d 576 (1987). *Savko* recognized the "critical need for preliminary, alternative dispute" resolutions. 109 Pa. Commonwealth Ct. at 543, 531 A.2d at 578. Conciliation, like arbitration, serves the same purpose.

Finally, we disagree with Gateway's argument that local rule 502(D) requires a party to cross appeal. Looking again to the Acts' continuing appeal provisions, an appeal of a later assessment is automatic while the original appeal is still pending before either the board or the court of common pleas. Local rule 502(D) appears to address those situations in which both the taxpayer and the taxing authority are aggrieved by the same board determination. For example, if Cobra had felt aggrieved by the board's reduction of the 1985 tax assessment, the local rule would have been applicable. In this case, however, because Cobra was not aggrieved, the rule did not require Cobra to cross appeal.

Having determined that local rule 502(H) is effective and applicable to this case we must consider whether the lower court's order is proper. More than thirty days had elapsed after conciliation before Gateway asked to discontinue the appeal. Under the rule, the court may not allow a party to discontinue an appeal unless all the interested parties have consented. At least one party, Cobra, did not consent. Therefore, this court will affirm the trial court's grant of the Petition to Strike insofar as that action of the trial court refused discontinuance as to the 1986 and 1987 assessment appeals, but, because Gateway should not be excluded from participation in those 1986 and 1987 appeals by its own failed attempt at total discontinuance, this court will also reverse the partial denial of the Petition to Strike insofar as is necessary to authorize Gateway also to participate in the 1986 and 1987 assessment issues.

ORDER

NOW, March 29, 1989, the order of the Court of Common Pleas of Allegheny County, at No. G.D. 86-1055, dated April 4, 1988, is affirmed insofar as the trial court granted the Petition to Strike in order to refuse

discontinuance of the 1986 and 1987 assessment appeals, but that order of the trial court is reversed insofar as denial of the Petition to Strike effected the exclusion of Gateway School District from participation in the 1986 and 1987 assessment appeals, and Gateway School District is hereby permitted to participate as a party with respect to the appeals as to those two latter years named.

Judge BARRY did not participate in the decision in this case.