IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| CCP Berks, LLC | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Berks County Board of Assessment | : | Nos. 562 C.D. 2024 |
| Appeals, Muhlenberg School District, | : | 563 C.D. 2024 |
| ASB Allegiance Acquisition, LLC, and | : | 564 C.D. 2024 |
| Corporate Center Drive Owner, LLC | : | 570 C.D. 2024 |
| | : | 595 C.D. 2024 |
| Appeal of: Muhlenberg School District | : | Argued: December 9, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON                     FILED: April 1, 2025


          Before this Court are five consolidated tax assessment appeals
involving five contiguous tracts of land forming one property containing 42.27 acres
in Muhlenberg Township, Berks County (Property). Muhlenberg School District
(School District) is appealing five orders of the Court of Common Pleas of Berks
County (Common Pleas), which denied the School District's petitions to strike
(collectively, Petition to Strike) the praecipes to settle and discontinue (collectively,
Discontinuance) filed by CCP Berks LLC (CCP) and ASB Allegiance Acquisition,
LLC (ASB). The effect of the Discontinuance would be to retain the then-current
tax assessments on the Property for the tax years 2021 and 2022. Upon review, we
reverse Common Pleas' orders and remand this matter to Common Pleas for a
determination of the correct assessed value of the Property.

## I. Background

CCP bought the Property in 2016 for $21,300,000. Reproduced Record (R.R.) at 534a-58a. In 2020, the Berks County Board of Assessment Appeals (Board)[1] assessed all five parcels comprising the Property, assigning a total assessed value of $14,850,000. *Id.* at 487a. In August 2020, CCP, as owner of the Property, filed assessment appeals with the Board seeking to reduce the assessed value of the Property for the tax year 2021. *Id.* at 20a-24a & 866a-912a. After a hearing, the Board issued decisions in October 2020 in which it denied CCP's appeals. *Id.* at 980a-1104a.

CCP appealed to Common Pleas. In November of 2020, the School District filed a notice of intervention for all of the Common Pleas appeals. R.R. at 27a-32a.

In 2021 and 2022, CCP and ASB entered into a series of agreements by which ASB agreed to purchase the Property and the parties purported to define their ongoing rights regarding the assessment appeals. *See* R.R. at 560a-696a, 699a-703a & 705a-08a. In February 2022, the Property was purchased by a third party, Corporate Center Drive Owner, LLC (CCDO), for $41,425,000, again with contractual provisions purporting to govern the parties' respective interests in the pending assessment appeals.[2] *See id.* at 710a-18a, 720a-23a & 725a-34a.

In 2022, the School District filed assessment appeals pertaining to the Property for tax year 2023. R.R. at 834a-52a. The Board issued decisions, from

---

[1] The Board is not taking part in this appeal.

[2] As discussed below, the School District disputes whether either CCP or ASB retained any right to discontinue the appeal in light of the purchase and sale agreement regarding the Property between CCP and ASB and the subsequent substitution of CCDO for ASB as the purchaser under the purchase and sale agreement.

which no appeals were taken, increasing the Property's total assessed value to $17,434,300 beginning with the 2023 tax year. R.R. at 462a & 860a-64a.

In July 2022, CCP and ASB filed the Discontinuance without seeking concurrence from the School District. R.R. at 761a-75a. In August 2022, the School District filed its Petition to Strike. *Id.* at 36a-82a. Common Pleas consolidated the appeals and denied the Petition to Strike, reasoning that the School District had no right to object to the Discontinuance because, not having filed its own appeal, the School District had asserted no independent claim before Common Pleas. *See generally id.* at 980a-1104a. Common Pleas conceded that the School District's intervention would have conferred a right to challenge CCP's position seeking to reduce the assessment, including presenting evidence to oppose a higher fair market value, if CCP proceeded to trial and thereby put the Property's fair market value at issue. *Id.* at 1003a, 1028a, 1053a, 1078a & 1103a. However, because CCP sought to discontinue the assessment appeals without proceeding to trial, Common Pleas concluded there were no outstanding claims in which the School District could participate as intervenor. *Id.*

The School District timely appealed to this Court from Common Pleas' denial of the Petition to Strike.

## II. Issues

On appeal,[3] the School District argues that it was and is entitled, as an intervenor and party to the assessment appeals, to insist that those appeals proceed

---

[3] This Court has previously explained:

> "Our review in tax assessment matters is limited to determining whether the trial court abused its discretion, committed an error of

3

to a final resolution so that Common Pleas can determine the correct assessment valuation of each parcel in the Property for tax years 2021 and 2022, regardless of the desire of CCP, which initiated the assessment appeals, to abandon its challenges to the assessments. The School District also maintains that Common Pleas erred in concluding that CCP and ASB, in filing the Discontinuance, possessed the requisite legal interests and authority to discontinue the assessment appeals in Common Pleas. Therefore, the School District posits that the Discontinuance was a legal nullity and void *ab initio* and that Common Pleas erred by refusing to strike it. Finally, the School District argues that Common Pleas abused its discretion by denying the Petition to Strike, because allowing the Discontinuance would result in unreasonable inconvenience, vexation, harassment, expense, and prejudice to the School District.

CCP argues that Common Pleas' order should be affirmed because Common Pleas correctly found that, in the absence of other binding rules, Rule 229(c) of the Pennsylvania Rules of Civil Procedure (Rule 229(c)) governs CCP's filing of the Discontinuance, and thus, the Discontinuance was permissible unless the School District could demonstrate unreasonable inconvenience, vexation, harassment, expense, or prejudice. *See* Pa.R.Civ.P. 229(c). CCP observes that

law, or reached a conclusion not supported by substantial evidence." *Herzog v. McKean Cnty. Bd. of Assessment Appeals*, 14 A.3d 193, 199 n.15 (Pa. Cmwlth. 2011). In reviewing a trial court's decision to deny a petition to strike a discontinuance, the standard of review is abuse of discretion. *Fancsali ex rel. Fancsali v. Univ. Health [Ctr.] of Pittsburgh*, . . . 761 A.2d 1159, 1162 (Pa. 2000). An abuse of discretion occurs where (a) "the law is overridden or misapplied," or (b) "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. McAleer*, . . . 748 A.2d 670, 673 (Pa. 2000).

*In re Appeal of Maoying Yu*, 121 A.3d 576, 579 n.3 (Pa. Cmwlth. 2015) (*en banc*).

4

Common Pleas found the School District did not suffer unreasonable prejudice sufficient to support striking the Discontinuance.

## III. Discussion

### A. School District's Rights as an Intervenor

Section 8854(b) of the Consolidated County Assessment Law (Assessment Law), 53 Pa.C.S. §§ 8801-8888, provides that "any party to the appeal to the court of common pleas[] may appeal from the judgment, order or decree of the court of common pleas." 53 Pa.C.S. § 8854(b). Here, the School District is a party by intervention. More specifically, Section 8855 of the Assessment Law provides:

> A taxing district shall have the right to appeal any assessment within its jurisdiction in the same manner, subject to the same procedure and with like effect as if the appeal were taken by a taxable person with respect to the assessment, and, in addition, may take an appeal from any decision of the board or court of common pleas as though it had been a party to the proceedings before the board or court even though it was not a party in fact. A taxing district authority may intervene in any appeal by a taxable person under section 8854 (relating to appeals to court) as a matter of right.

53 Pa.C.S. § 8855. As our Supreme Court has observed, Section 8855 gives a taxing district "the right to appeal assessments within its jurisdiction, and to participate in assessment appeals initiated by others[]." *Appeal of Coatesville Area Sch. Dist.*, 244 A.3d 373, 377 (Pa. 2021). Notably, nothing in Section 8855 requires a taxing district to file its own appeal at any level of an assessment proceeding in order to appeal a subsequent order. The School District was entitled under Section 8855 to appeal

5

Common Pleas' order refusing to strike the Discontinuance, regardless of whether the School District took a separate appeal in the underlying assessment proceeding.

In addition, Section 8854(a)(5) of the Assessment Law provides:

> If a taxpayer or taxing district has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the appellant on the subject property for any valuation for any assessment subsequent to the filing of an appeal with the board and prior to the determination of the appeal by the board or the court. This provision shall be applicable to all pending appeals as well as future appeals.

53 Pa.C.S. § 8854(a)(5). Thus, we observe that CCP's appeal constituted an appeal of each subsequent year's assessment, as long as the appeal remained pending. Consequently, through its intervention, the School District retained the same rights regarding subsequent years' assessments as it gained in the initial appeal.

*In re Appeal of Gateway School District*, 556 A.2d 924 (Pa. Cmwlth. 1989), is instructive concerning an attempted discontinuance of a tax assessment appeal. In *Gateway*, a taxpayer filed an assessment appeal to the county board of assessment appeals, and that appeal resulted in a reduction of the assessment. *Id.* at 925. The taxing school district appealed that result to the court of common pleas; the taxpayer did not. *Id.* While the school district's appeal was pending, the tax assessment for the following two tax years was increased, taking the assessed value back to the amount before the taxpayer's initial appeal. *Id.* The school district then sought to discontinue its appeal. *Id.* The common pleas court allowed the school district to discontinue the appeal as to the first tax year at issue but refused to allow a discontinuance as to the subsequent two tax years, thus permitting the taxpayer to pursue its rights concerning the automatic appeals of the increased assessment for

6

those two tax years.  *Id.*  This Court affirmed the denial of the discontinuance.[4]  *Id.* at 928.  Although *Gateway* involved the application of a local rule not at issue here, the portion of this Court's disposition of the school district's appeal in *Gateway* that is applicable here is our analysis of the statutory automatic appeal provision. Critically, we explained in *Gateway* that the automatic appeal provision applied even though the taxpayer had not actually filed its own appeal to the common pleas court. *Id.* at 926.[5]

  *In re Appeal of Penn Hills*, 546 A.2d 50 (Pa. 1988), is also instructive. In *Penn Hills*, a school district appealed a tax assessment, and the property owner, after the appeal period had expired, filed a notice of intervention.  The school district subsequently informed the board of assessment appeals that it was withdrawing its appeal, but the property owner/intervenor countered that it was remaining a party and seeking a reduction of the assessment.  *Id.* at 51.  The board of assessment appeals proceeded with the appeal in the school district's absence and reduced the

---

[4] The common pleas court also held that the school district could not participate in the taxpayer's automatic appeal regarding the two subsequent tax years' assessments.  This Court reversed on that issue.  *In re Appeal of Gateway Sch. Dist.*, 556 A.2d 924, 928 (Pa. Cmwlth. 1989).

[5] *Gateway* involved an earlier version of the Assessment Law that related only to taxpayer appeals.  *See* 556 A.2 at 926.  That provision, Section 518.1(b) of the Act of May 22, 1933, P.L. 853, *as amended*, added by the Act of December 28, 1955, P.L. 917, 72 P.S. § 5020-518.1(b), provided, in pertinent part:

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.

As set forth above, however, Section 8854(a)(5) of the current Assessment Law provides the same automatic appeal rights regardless of which party filed the initial appeal.  *See* 53 Pa.C.S. § 8854(b).

assessment *Id.* The school district appealed to the county court of common pleas, which held that once the school district withdrew its appeal, the board of assessment appeals had no reason to review its own assessment, the board lost jurisdiction over the matter, and the intervening owner lost its intervenor status and could not continue to litigate the school district's appeal. *Id.* at 51-52. This Court disagreed, and our Supreme Court, after granting an appeal, affirmed, explaining: "Generally, once intervention is allowed the intervenor is afforded all the rights of a party to the action, . . . and unless otherwise specified an intervenor's right to participate in an appeal is not contingent upon the continued participation of the original appellant." *Id.* at 52 (first citing *Taged, Inc. v. Zoning Bd. of Adjustment*, 295 A.2d 339 (Pa. Cmwlth. 1972); and then citing *Schaeffer v. Jones*, 143 A. 197 (Pa. 1928)). Thus, the property owner "entered the fray with the same rights as the original appellants, and its ability to continue was not contingent upon the status of any other party." *Penn Hills*, 546 A.2d at 52 (additional citations omitted). Accordingly, even though the property owner did not file its own appeal, "the [b]oard [of assessment appeals,] by virtue of the original appeal filed by the [t]axing [a]uthorities, was empowered to conduct a *de novo* review of the assessment. Therefore, the claim of [the property owner] was cognizable." *Id.* at 53.[6] As our Supreme Court made clear in *Penn Hills*, a tax

---

[6] We note that, in *In re Appeal of Penn Hills*, 546 A.2d 50 (Pa. 1988), a local administrative rule of the board of assessment appeals expressly allowed intervention and conferred party status upon an intervenor. Specifically, the board's rule provided:

> After any appeal has been filed, any person having a direct pecuniary interest in the real estate assessed and in the assessment complained of, the [c]ounty or any municipality or school district in which the property is located, may intervene in the appeal as a party by filing a notice thereof by referencing on the appeal a representative upon whom notice may be given.

assessment appeal puts the assessed value at issue generally and may result in a change in valuation that is contrary to that requested by the original appellant:

> [T]he [b]oard's jurisdiction is not limited by the complaint asserted in the original appeal, as the [t]axing [a]uthorities would have us hold. To the contrary, . . . there is no limitation on the [b]oard's power to increase or decrease the assessment, so long as it is within the confines of the statute. Thus, the proceeding before the [b]oard is in the nature of a *de novo* hearing, with the [b]oard having the latitude to revise the assessment upwards or downwards.

*Id.* at 53.

*In re Appeal of Maoying Yu*, 121 A.3d 576 (Pa. Cmwlth. 2015) (*en banc*), concerned a taxpayer's assessment appeal in which the local school district intervened before the county board of assessment appeals but did not file a separate appeal. *Id.* at 577-78. The board of assessment appeals denied the taxpayer's appeal, and the taxpayer filed a further appeal to the county court of common pleas. The taxpayer subsequently filed a praecipe to discontinue that appeal as settled. *Id.* The intervenor school district filed a petition to strike the discontinuance. *Id.* at 578-79. The court of common pleas denied the school district's petition, reasoning that the school district should have filed its own appeal of the tax assessment and that "it would be 'inequitable to force [the t]axpayer to litigate a determination with which she was apparently satisfied . . . .'"[7] *Id.* at 579.

---

546 A.2d at 52 n.2. Although our Supreme Court's reasoning and holding in *Penn Hills* related specifically to the application of that administrative rule, the rights conferred by that rule are comparable to those conferred by Section 8855 of the Assessment Law, 53 Pa.C.S. § 8855, such that *Penn Hills* provides guidance here.

[7] The taxpayer's discontinuance in *Maoying Yu* was apparently motivated by the board of assessment appeals' unilateral revision of the assessment while the appeal to the common pleas court was pending, Here, CCP and ASB filed the Discontinuance after the Board raised the assessment of the Property for tax year 2024 in response to a separate tax assessment appeal filed for that tax year by the School District. *See* R.R. at 761a-75a & 860a-64a.

9

In opposing the school district's appeal to this Court, the taxpayer in *Maoying Yu* argued that the school district was required to file its own appeal of the assessment if it wanted to have input into whether the matter could be discontinued. *Maoying Yu*, 121 A.3d at 580. This Court disagreed, concluding that the school district in *Maoying Yu* did not have to file its own appeal in order to argue that the owner's appeal should not be discontinued. *Id.* at 583 nn.8-9.

The concurring and dissenting opinion suggests that the School District could not oppose the Discontinuance because the School District was bound by a statement in its pretrial memorandum indicating that it agreed with the Board. However, the School District clearly and consistently indicated, both prior to and in its opposition to the Discontinuance that it was challenging the 2021 and 2022 assessments. *See* R.R. at 113a-54a & 933a-75a. Indeed, the School District specifically asserted before Common Pleas that the total assessed value of the Property should be $21,541,000 instead of $14,850,000. R.R. at 948a.

Notably, ***Common Pleas expressly acknowledged that the pretrial memorandum was not a pleading that precluded the School District from changing its position***. *See CCP Berks LLC v. Berks Cnty Bd. of Assessment Appeals* (C.P., Nos. 20-17725, 20-17732, 20-17733, 20-17734 & 20-17735, filed April 8, 2024) at 19 (stating that "[t]he [pretrial] memorandum is not a pleading. It is amendable and does not prevent the [School] District from requesting [Common Pleas] to make an adjustment to the [P]roperty's value."). Moreover, Berks County Local Rule 14(b) and (c), governing pretrial memoranda in tax assessment appeal cases, do not tie a party to a statement in a pretrial memorandum; Rule 14(b) merely requires filing of the memorandum in advance of a status conference, and Rule 14(c) specifies that the memorandum "shall contain a summary statement of facts,

10

stipulations desired, witnesses expected to be called, exhibits expected to be offered, legal issues, and special problems." B. R.C.P. 14(b) & (c). Nothing in Rule 14(b) or (c) indicates that a party is forever bound by a statement in its pretrial memorandum. The School District expressly opposed such a construction of its pretrial memorandum in Common Pleas, explaining:

> CCP/ASB . . . also may attempt to cite and/or rely upon the [School] District's initial pretrial status conference memoranda filed less than three months after the [School] District intervened in the Consolidated Appeals prior to the first status conference held in each of the Consolidated Appeals[,] in which the [School] District stated that it supported the decision(s) of the Board of Assessment Appeals, i.e. the Board's refusal to reduce the valuation of [the Property] in response to CCP Berk's [sic] initial appeal seeking reductions in the assessed values as grounds why [Common Pleas] should deny the [School] District's Petitions. In addition to it being self-evident that the [School] District had not yet received detailed discovery responses regarding the [Property] when the first pretrial status conference occurred, the [School] District's pretrial status conference memorandum also explicitly reserved the right to introduce into evidence any documents uncovered during the course of discovery as well as an expert appraisal report regarding [the Property] which was yet to be prepared for the [School] District as of the filing of [the School] District's conference memorandum prior to the first pretrial status conference. [CCP and ASB] would have been presumably aware that the [Property was] being marketed for sale for a sum nearly twice as much as the . . . imputed fair market value yet the[y] filed the appeal suggesting that the [P]roperty was actually over-assessed. Accordingly, the [School] District's generic statement that it supports the Board's refusal to reduce [the Property]'s valuation[] in response to CCP['s] requests for reductions in the assessed value[] . . . does not stand for the proposition that the [School] District is precluded from introducing evidence that [the Property] was in fact under-assessed and that [Common Pleas] should increase the assessed value of [the Property].

11

R.R. at 971a-72a.

We find our reasoning in *Gateway*, *Penn Hills*, and *Maoying Yu* applicable and controlling here. The School District was not required to file its own appeal in the same proceeding as CCP's appeal. Having intervened, the School District retained an interest notwithstanding the filing of the Discontinuance by CCP and ASB, and the School District was entitled to protect that interest by proceeding to a hearing, regardless of whether either CCP or ASB continued to participate.

Accordingly, Common Pleas erred in denying the School District's Petition to Strike regarding the Discontinuance. We reverse Common Pleas' order denying the Petition to Strike.

### B. Remand

Under Section 8854(a)(2) of the Assessment Law, "[o]nce an appeal is filed, the court of common pleas must determine the market value of the subject property . . . ." *Maoying Yu*, 121 A.3d at 583 (citing 53 Pa.C.S. § 8854(a)(2)). In *Maoying Yu*, as here, the taxpayer chose to discontinue her appeal before the court of common pleas. We remanded the matter to the common pleas court with an instruction to strike the discontinuance of the taxpayer's appeal and to determine the proper assessed value of the taxpayer's property in accordance with the Assessment Law. *Maoying Yu*, 121 A.3d at 584.

Consistent with our disposition of *Maoying Yu* and the reasoning of *Gateway*, *Penn Hills*, and *Maoying Yu* as discussed above, we remand this matter to Common Pleas to strike the Discontinuance and determine the proper assessed value of the Property. In doing so, we observe that, as set forth above, a taxing district's appeal is "subject to the same procedure and [has] like effect as if the appeal were

12

taken by a taxable person . . . ." 53 Pa.C.S. § 8855. Therefore, we conclude that as the party seeking a change in the assessment, the School District will bear the burden of proof to demonstrate, on remand, that the assessed value should be changed.

### C. Expense and Prejudice to the School District

The School District argues that Common Pleas failed to properly weigh the unreasonable inconvenience, vexation, harassment, expense, and/or prejudice to the School District that would result from allowing the Discontinuance. Although we need not reach this issue in light of our holding that the Discontinuance must be stricken, we will address it briefly to clarify the limited applicability of Rule 229(c).

Rule 229(c) generally allows a court, upon petition and after notice to the parties, to "strike off a discontinuance in order to protect . . . any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice." Pa.R.Civ.P. 229(c). In *Maoying Yu*, this Court explained that "[a]lthough the Pennsylvania Rules of Civil Procedure are inapplicable in tax assessment appeals, in the sense that they cannot be mandatorily imposed on the trial court or the parties, trial courts are vested with full authority to regulate the practice and procedure before them when a void exists." *Maoying Yu*, 121 A.3d at 579 n.4 (citing *In re Appeal of the Borough of Churchill*, 575 A.2d 550, 554 (Pa. 1990)). Observing that the Assessment Law "is silent on the procedure to be used by a party who seeks to discontinue voluntarily a tax assessment appeal . . . ," this Court concluded that the common pleas court acted within its discretion, in considering the merits of the discontinuance, by looking to precedent applying Rule 229(c) to fill the void. *Maoying Yu*, 121 A.3d at 579 n.4 (citing *Pohl v. NGK Metals Corp.*, 936 A.2d 43,

13

47 (Pa. Super. 2007)). Thus, the common pleas court could properly consider the prejudice to the school district arising from a discontinuance.

Here, the School District was arguably prejudiced by the Discontinuance. The School District properly intervened in the appeals to Common Pleas in order to protect its interests. Having done so, it had no need to file its own separate appeal. Because, as set forth above, Section 8854(a)(5) of the Assessment Law provides that a tax assessment appeal of one year's assessment automatically constitutes an appeal from each subsequent tax year while the appeal is pending, the School District was lulled into forgoing an appeal for tax years 2021 and 2022. Applying Rule 229(c) and thereby allowing CCP to unilaterally discontinue the appeal would deprive the School District of its statutory appeal right. *See Gateway*, 556 A.2d at 927 (concluding that "allowing discontinuance without consent, by following Rule 229 in a tax assessment case, would be improper because granting a discontinuance under Rule 229 could thereby thwart the automatic appeal provision of the [Assessment Law] . . ."); *Starwood Airport Realty v. Sch. Dist. of Phila.*, 115 A3d 410, 414-15 (Pa. Cmwlth. 2015) (citing *Gateway*). For this reason, although Common Pleas acted generally within its discretion by considering Rule 229(c)'s provisions as guidance, we agree with the School District that Common Pleas failed to recognize the prejudice to the School District that would arise from the Discontinuance.

**D. Standing of CCP and ASB to Discontinue**

Finally, we acknowledge the School District's challenge to the standing of CCP and ASB to discontinue the appeal before Common Pleas. The school district in *Maoying Yu* raised the same argument, and this Court declined to reach

14

that argument in light of our decision reversing the court of common pleas' order and remanding the matter for a determination of the correct assessment. 121 A.3d at 584 n.10. We likewise decline to reach that issue here, in light of our reversal of Common Pleas' order denying the Petition to Strike.

## IV. Conclusion

Based on the foregoing discussion, we reverse Common Pleas' orders denying the School District's Petition to Strike. We remand this matter to Common Pleas for a determination of the correct assessment valuations of the Property.


_____
CHRISTINE FIZZANO CANNON, Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| CCP Berks, LLC | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Berks County Board of Assessment | : | Nos. 562 C.D. 2024 |
| Appeals, Muhlenberg School District, | : | 563 C.D. 2024 |
| ASB Allegiance Acquisition, LLC, and | : | 564 C.D. 2024 |
| Corporate Center Drive Owner, LLC | : | 570 C.D. 2024 |
| | : | 595 C.D. 2024 |
| Appeal of: Muhlenberg School District | : | |

# **O R D E R**

AND NOW, this 1st day of April, 2025, the orders of the Court of Common Pleas of Berks County (Common Pleas) dated April 8, 2024, docketed at Nos. 20-17725, 20-17732, 20-17733, 20-17734, and 20-17735, are REVERSED. This matter is REMANDED to Common Pleas for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| CCP Berks, LLC | : | **CASES CONSOLIDATED** |
| | : | |
| v. | : | Nos. 562-564 C.D. 2024 |
| | : | No. 570 C.D. 2024 |
| Berks County Board of Assessment | : | No. 595 C.D. 2024 |
| Appeals, Muhlenberg School | : | Argued: December 9, 2024 |
| District, ASB Allegiance | : | |
| Acquisition, LLC, and Corporate | : | |
| Center Drive Owner, LLC | : | |
| | : | |
| Appeal of: Muhlenberg School | : | |
| District | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

DISSENTING OPINION
BY SENIOR JUDGE LEAVITT                        FILED: April 1, 2025

I discern no error in the decision of the Court of Common Pleas of Berks County (trial court) to allow ASB Allegiance Acquisition, LLC and Corporate Center Drive Owner, LLC (collectively, Taxpayer) to discontinue Taxpayer's tax assessment appeal.[1]  With respect, I dissent from the majority's decision to reverse the trial court and remand the matter for a hearing on Taxpayer's appeal.

Chapter 88 of the General Local Government Code, 53 Pa. C.S. §§101-9125, is entitled the Consolidated County Assessment Law and governs every aspect of local taxation. 53 Pa. C.S. §8801.  This includes assessments, exemptions from taxation assessment rolls, board of assessment appeals, and appeals to court.

---

[1] The Muhlenberg School District (School District) also challenged the standing of Taxpayer to file its motion for discontinuance of its appeal.  The trial court held, correctly, that the changes in corporate succession had no impact on Taxpayer's standing.

Relevant to court appeals, the Consolidated County Assessment Law states as follows:

> (a) Court of common pleas.--
>
>> (1) Following an appeal to the board [of assessment appeals], any appellant, property owner or affected taxing district may appeal the board's decision to the court of common pleas in the county in which the property is located *in accordance with* 42 Pa.C.S. §5571(b) (relating to appeals generally) *and local rules of court*.

53 Pa. C.S. §8854(a)(1) (emphasis added). The statute authorizes a taxing authority or a taxpayer to appeal a decision of a board of assessment appeals, regardless of participation in the board proceeding. However, the statute requires that appeal to conform to the "local rules of court." *Id.*

Here, the trial court considered the local rules in Berks County for tax assessment appeals. Berks County Rule of Civil Procedure (Local Rule) No. 11(b) states, in relevant part, as follows:

> (b) Real Estate Tax Assessment Appeal shall contain the following:
>
>> (1) *Caption designating the named party taking the appeal as Appellant*, the *Berks County Board of Assessment Appeals as Appellee*, and *if Appellant is a taxing authority* it shall join the owner of the real estate involved as of course as a party in the assessment appeal by *designating such named owner in the caption as Respondent*.
>
>> (2) Brief description of the subject real estate, its location, name and address of the owner, and municipality and school district wherein the real estate is located.
>
>> (3) *Nature and reasons for the appeal*.
>
>> (4) Reference to the decision of Berks County Board of Assessment Appeals (Board) from which the appeal is taken. A copy of the Board's notice of decision shall be attached as an exhibit.

(5) Verification consisting of a verified statement as "verified" is defined in Pa.R.C[iv].P. [] 76.

B.R.C.P. 11(b) (emphasis added). Local Rule No. 12 authorizes intervention in tax assessment appeals:

(a) The County, municipality, or school district not named as Appellant may intervene as of course during pendency of the appeal by filing a Notice of Intervention with the Prothonotary.

(b) *Notice of Intervention shall contain the name of the intervening party as an additional party designated as intervenor in the caption, and shall set forth that such identified party is intervening*.

(c) Intervenor shall serve copies of Notice of Intervention by certified or registered mail upon Appellant, Appellee, any Respondent owner and any other intervening parties of record.

(d) Intervenor shall file with the Prothonotary within five days of the filing of Notice of Intervention proof of service of copies thereof consisting of a verified statement as "verified" is defined in Pa.R.C[iv].P. [] 76 that service was made by certified or registered mail, with sender's receipt for certified or registered mail attached thereto.

(e) No response is required to be made by any party served with copy of Notice of Intervention.

B.R.C.P. 12 (emphasis added).

The Local Rules authorize the court to convene a pretrial conference in an assessment appeal either "*sua sponte* or upon application of a party." B.R.C.P. 14(a). Notice must be given to the named parties as well as "such other parties who have intervened of record." *Id*. Each party "shall file with the prothonotary a Pretrial Status Conference Memorandum" at least seven days before the conference that, *inter alia*, lists the party's "legal issues," witnesses, and exhibits. B.R.C.P. 14(b)-(c).

Here, on February 21, 2021, several months after Taxpayer appealed, the School District filed a pretrial memorandum stating that it "supports the decision of the [Berks County] Board [of Assessment Appeals]" and planned to call "Douglas A. Haring, MA1, SRA, A1-GRS, PA Certified General Appraiser, an expert in the field of real estate valuation."  Original Record No. 20-17725 (O.R.), Pretrial Status Conference Memorandum of Intervenor at 2, ¶¶ I.J., III.A.[2]  Notably, in its opinion, the trial court stated that the School District's statements in its pretrial conference memorandum did not prevent it from amending its memorandum and "requesting the Court to make an adjustment to the subject property's value."  Trial Court Op. at 19.

The Local Rules are salient to the case *sub judice* in several ways.  First, where the taxing authority is the "Appellant," it must "join the owner of the real estate involved" to the court proceeding and name the owner as "Respondent."  B.R.C.P. 11(b)(1).  Second, a "school district *not named as Appellant* may intervene as of course."  B.R.C.P. 12(a) (emphasis added).  Third, it is the "Appellant" that identifies the "reasons" for and "nature of" the appeal.  B.R.C.P. 11(b)(3).

The School District complains it was prejudiced because the Local Rules do not authorize a cross-appeal in real estate tax assessment matters, which would have allowed it additional time to file its own appeal.  I disagree.

Effectively, the Local Rules allow an intervenor to achieve what a cross-appeal would achieve, but without the deadline of a cross-appeal.[3]  The

---

[2] Taxpayer filed an identical pretrial memorandum in the other four tax appeals.

[3] The Pennsylvania Rules of Civil Procedure require a cross-claim to be filed within 20 days of the initial pleading.  *See* PA.R.CIV.P. 1026(a) ("every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading"); PA.R.CIV.P. 1031.1 ("in the answer or reply under the heading 'Cross-claim' a cause of action against any other party" may be set forth).  Here, the Local Rules do not state a deadline for intervention.

intervenor can request a conference, with notice to the named parties, and file a pretrial memorandum in which it presents a legal issue different from that of the appellant or appellee. B.R.C.P. 11. However, the School District did not use the Local Rules to its advantage. It chose to state in its pretrial memorandum that it "supports" the decision of the Berks County Board of Assessment Appeals. O.R., Pretrial Status Conference Memorandum of Intervenor at 2, ¶I.J. It never revised that position before Taxpayer discontinued its appeal.

Tribunal rules, at either the board level or the court level, can limit or prohibit the discontinuance of a tax appeal. In *Appeal of Municipality of Penn Hills*, 546 A.2d 50 (Pa. 1988) (*Penn Hills*), the municipality and the school district (taxing authorities) filed an appeal with the Allegheny County Board of Property Assessment, Appeals and Review (Allegheny Board) to challenge the assessment of a commercial property as too low. The taxpayer, United States Steel Corporation (U.S. Steel), intervened in the Allegheny Board appeal. The taxing authorities withdrew their appeal, but U.S. Steel continued the proceeding and persuaded the Allegheny Board to reduce the property's assessment. In their appeal to the Supreme Court, the taxing authorities argued that U.S. Steel waived the issue of whether its assessment was excessive because it did not file its own tax assessment appeal. They asserted that U.S. Steel's participation as an intervenor was dependent "upon the status of the original appellant." *Id*. at 52.

The Supreme Court rejected the taxing authorities' argument. In doing so, it observed that U.S. Steel entered the "fray with the same rights as the original appellants, and its ability to continue was not contingent upon the status of any other party." *Id*. The Supreme Court based this observation upon the Allegheny Board's procedural rules, as construed and applied by that administrative tribunal. *Id*.

The Supreme Court acknowledged that it would "be different in a judicial case," where intervenors "raise claims in subordination and in recognition of the propriety of the original action." *Penn Hills*, 546 A.2d at 52. Specifically,

> when a party chooses to appeal under our rules of civil procedure, they choose the issues, and what is not chosen is waived. *We cannot and do not construe an appeal as a challenge to all possible issues*; we confine ourselves to what the parties choose and only that. *Our rules are not necessarily the rules for an administrative tribunal*.

*Id*. at 54 (emphasis added).

Because it was "ruling on the intervention practices relative to an administrative proceeding," the Supreme Court concluded that it "must refer to the controlling administrative rules[.]" *Penn Hills*, 546 A.2d at 53. Specifically, "by its decision to proceed with the scheduled hearing, the [Allegheny] Board interpreted its own rules to allow U.S. Steel to proceed regardless of the action of the [t]axing [a]uthorities." *Id*. Further, the Allegheny Board's "liberal application of its rules was consistent with its statutory purpose" to ensure "that the assessments made are both accurate and equitable." *Id*. at 54.

In sum, the procedural rules of the Allegheny Board allowed U.S. Steel to use the appeal of the taxing authorities as the vehicle to reduce its tax assessment and to raise issues not chosen by the taxing authorities. The Supreme Court treated those rules as dispositive of the taxing authorities' appeal, notwithstanding their departure from judicial rules on intervention.

*In re Maoying Yu*, 121 A.3d 576 (Pa. Cmwlth. 2015), also concerns the rights of an intervenor relative to an appellant in a tax assessment appeal. In that case, it was the taxpayer that challenged the assessment. When the taxpayer lost before the board of assessment appeals, the taxpayer appealed to the trial court. The

school district intervened in the taxpayer's court appeal. While the appeal was pending with the trial court, the board of assessment appeals issued a new assessment that substantially reduced the taxpayer's assessment; the taxpayer discontinued its court appeal. The school district moved to strike the taxpayer's discontinuance, and the trial court denied the motion.

This Court reversed and remanded. We held that the board of assessment appeals lacked jurisdiction to revise an assessment once its decision was appealed to a court; that appeal divested the board of any power to act further in the matter. *Yu*, 121 A.3d at 583. We remanded for a hearing on the fair market value of the property involved in the appeal. *Id*. at 584. We also cautioned that our *ruling "should not be construed as precluding a taxpayer from discontinuing a tax assessment appeal*, assuming proper notice and opportunity to be heard is afforded to all parties to the appeal." *Id*. at 583 n.8 (emphasis added).

*Yu* is distinguishable factually. Here, the School District was notified of Taxpayer's discontinuance. Further, Taxpayer's discontinuance had no impact upon the decision of the Berks County Board of Assessment Appeals, which remained the same.

In this case, we are concerned not with a proceeding before a board of assessment appeals but a proceeding before a court of common pleas following a board decision. Under the Local Rules, the "Appellant" chooses the issues for the court to decide. B.R.C.P. 11(b)(3). However, as the trial court noted, an intervenor can raise different issues for the tax appeal in its pretrial memorandum, which can be amended as the matter proceeds to trial. B.R.C.P. 14. The School District's pretrial memorandum stated that it "supports" the decision of the Berks County Board of Assessment Appeals. O.R., Pretrial Status Conference Memorandum of

Intervenor at 2, ¶I.J. It did not revise that position before Taxpayer discontinued its assessment appeal.

The Local Rules do not address, let alone restrict, the discontinuance of a tax assessment appeal. However, the Consolidated County Assessment Law expressly authorizes the adoption of local rules by courts of common pleas, and they can address the discontinuance of a tax assessment appeal.

The Allegheny County Court of Common Pleas (Allegheny County), for example, has adopted a local rule of civil procedure on "Appeals from Real Estate Tax Assessment," which restricts the discontinuance of a tax appeal. ALLEG. CO. L.R. 503. Rule 503 provides, *inter alia*, that "[t]he filing of an appeal by any party shall act as an appeal by all parties" and "[n]o appeal may be withdrawn without the consent of all other parties or leave of court." ALLEG. CO. L.R. 503(6), (7). A "party" is defined as the owner of real estate, the municipality, the school district, and the county. ALLEG. CO. L.R. 503(1)(a). Intervention is superfluous because an appeal by any "party" automatically makes every other defined "party" a participant in the tax assessment appeal. ALLEG. CO. L.R. 503(6). Further, the party initiating the appeal need not identify the "reasons for" the appeal of the board's decision. *Cf.* B.R.C.P. 11(b)(3). Thus, in Allegheny County, "all possible issues" are part of any tax assessment court proceeding. *Penn Hills*, 546 A.2d at 54.

Here, the trial court examined the Local Rules and concluded they did not limit the ability of the "Appellant," whether the taxpayer or the taxing authority, to terminate a tax appeal prior to trial. The trial court's construction of its own rules is entitled to deference. *Davidson v. John W. Harper, Inc.*, 493 A.2d 732, 734 (Pa. Super. 1985) ("application, construction and interpretation of a local rule are matters primarily to be determined by the court promulgating the local rule"). The trial

court's conclusion is unassailable, particularly when one compares them to the local rules of Allegheny County.

In the absence of a relevant Local Rule, the trial court employed the standards in Pennsylvania Rule of Civil Procedure 229, which governs the "voluntary termination of an action" by the plaintiff "before commencement of the trial." PA.R.CIV.P. 229(a). That rule allows the court to strike a discontinuance to protect any party from "unreasonable inconvenience, vexation, harassment, expense, or prejudice." PA.R.CIV.P. 229(c). The trial court concluded that the School District was not prejudiced by Taxpayer's discontinuance of its appeal. The only expense incurred by the School District was the cost of an expert evaluation, which it had to incur to defend the board's assessment of Taxpayer's property. It also concluded that the School District had no claim pending with respect to the board's assessment decision for tax years 2021 and 2022. Accordingly, the trial court refused to strike Taxpayer's discontinuance.

The Local Rules require the appellant to identify the "reasons for" the tax appeal. B.R.C.P. 11(b)(3). Here, Taxpayer raised the issue that its tax assessment was excessive. The Consolidated County Assessment Law allowed the School District to appeal the board assessment decision and raise another issue, but it did not do so.[4] Had the School District done so, its appeal could have been combined with Taxpayer's appeal before the trial court.

In effect, the majority follows the local rules of Allegheny County, which require the agreement of all parties before a tax appeal can be discontinued and endow any person defined as a "party" with the rights of an "appellant." ALLEG.

---

[4] The School District missed the deadline for appealing the 2021 and 2022 tax year assessments to the Berks County Board of Assessment Appeals. Effectively, the School District is seeking a retroactive effective date to its 2023 tax assessment appeal, in which it was successful.

MHL-9

Co. L.R. 503(6), (7).  However, the Consolidated County Assessment Law requires tax assessment appeals to conform to "local rules of court" where the appeal is filed. 53 Pa. C.S. §8854(a)(1).  Applicable here are the Berks County Local Rules, where intervenors raise claims in subordination of a named party but may thereafter take a position not taken by a named party.  *See* Trial Court Op. at 19.  The Berks County Local Rules are "the controlling [] rules" in this case.  *Penn Hills*, 546 A.2d at 53.

I would affirm the trial court's decision to deny the School District's motion to strike the Taxpayer's discontinuance of its appeal of the decision of the Berks County Board of Assessment Appeals.

_____
MARY HANNAH LEAVITT, President Judge Emerita